IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:20-cr-00173-AA |
| | 6:12-cr-00081-AA |
| | **OPINION AND ORDER** |
| v. | |
| MICHAEL LEE FRY, | |
| Defendant. | |

AIKEN, District Judge:

This matter comes before the Court on defendant Michael Lee Fry's Objection to Motion for Excludable Delay, Motion to Dismiss, and Motion for Pretrial Release. Doc. 30.  For the reasons set forth herein, defendant's objection is OVERRULED and motion to dismiss is DENIED.  Defendant request for pretrial release is GRANTED.

## BACKGROUND

On January 4, 2019, while on supervised release before this Court in Case No. 6:12-cr-00081-AA, defendant was arrested by Douglas County Law Enforcement on a

Page 1 – OPINION AND ORDER

federal warrant for absconding.[1] Several pounds of methamphetamine were allegedly found near him at the time of arrest, which resulted in a new law violation. On January 7, 2019, Magistrate Judge Mustafa Kasubhai ordered defendant detained pending the resolution of those supervised release violation allegations.  On June 9, 2020, defendant was indicted in the present case for one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

Following indictment, Magistrate Judge Kasubhai granted two requests from the parties to exclude time under the STA. Docs. 21 and 23.  In November 2020, this Court was informed by counsel that defendant objected to any further continuances or exclusions of time under the STA and requested that trial commence as then scheduled.  The Court held a status conference on November 12, 2020. Doc. 25.  At that hearing, the Court discussed on the record the present challenges to holding a jury trial in this case on the date set.  The Court contemplated that defendant would be allowed to brief his objections to further excludable delay as well as a request for pretrial release from custody at a later hearing.

On December 18, 2020, the government filed a motion for excludable delay to exclude time under the STA through February 1, 2021. Doc. 27.  The Court granted that motion with the understanding that defendant's objections and request for release would be heard at a later hearing. Doc. 28.  Defendant filed a motion to dismiss for violations of the STA (Doc. 30) which included objections to any further

---

[1] An alleged supervised release violation is still pending in that case.

excludable delays and a request for release under the Bail Reform Act ("BRA"). 18 U.S.C. § 3142. The Court heard oral argument on this matter on January 25, 2021. Doc. 33. Defendant argued that trial should commence before the tolling of the speedy trial clock or that the Court should dismiss the indictment with prejudice or without prejudice until such time as a jury trial could be held. In the alternative, defendant argued that he should be granted pretrial release.

## LEGAL STANDARD

The Speedy Trial Act ("STA"), 18 U.S.C. § 3161, requires that a defendant "must be brought to trial within seventy days after the indictment or arraignment (whichever comes later) of the last defendant." *United States v. King*, 483 F.3d 969, 972 (9th Cir. 2007). But certain time is excluded from the STA's seventy-day period. 18 U.S.C. § 3161(h). As relevant here, the STA excludes "delay resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)

## DISCUSSION

I.  *Excludable Delay and Speedy Trial Act Violations*

The STA permits a defendant, defense counsel, and the government to seek an ends-of-justice continuance. 18 U.S.C. § 3161(h)(7)(A). A court may also grant an ends-of-justice continuance on its own motion. *Id.* Initially, although section 3161(h)(7) permits district courts to exclude "any period of delay, an ends of justice

exclusion must be "specifically limited in time." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 2000).

An ends-of-justice continuance must also be "justified [on the record] with reference to the facts as of the time the delay is ordered." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 2000) (emphasis omitted) (internal quotations omitted). After considering factors listed in section 3161(h)(7)(B), "among others," a court must determine whether "the ends of justice served [by granting a continuance" outweigh "the best interest of the public and the defendant in the speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The ends-of-justice provision "is not a general exclusion for every delay, and any continuance granted under it must be based on specific underlying factual circumstances." *U.S. v. Martin*, 742 F.2d 512, 514 (9th Cir. 1984). Further, a judge must set forth these findings on the record, either orally or in writing. 18 U.S.C. § 3161(h)(7)(A). *See also Zedner v. United States*, 547 U.S. 489, 509, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). Importantly, a judge need not issue its specific findings "at the precise moment it grants a[n ends-of-justice] continuance." *U.S. v. Bryant*, 726 F.2d 510, 511 (9th Cir. 1984).

Finally, the STA bars judges from granting ends-of-justice continuances based on (1) "general congestion of the court's calendar," (2) the government's "lack of diligent preparation," or (3) the government's "failure to obtain available witnesses." 18 U.S.C. § 3161(h)(7)(C).

Since the onset of the pandemic caused by the 2019 novel coronavirus, no jury trials have been held in the Eugene Division of the District of Oregon. Indeed, Chief Judge Marco Hernandez issued a standing order on March 13, 2020 ordering that all civil and criminal jury trials be continued, and the period of those continuances would be excluded under the STA through April 26, 2020. Standing Order 2020-4. On April 7, 2020, Chief Judge Hernandez amended the District's previous standing order continuing trials and excluding time under the STA through June 1, 2020. Standing Order 2020-9. Another amended order was issued on May 21, 2020, continuing trials and excluding time under the STA through July 15, 2020. Standing Order 2020-12.

On June 29, 2020, the Chief Judge entered an amended standing order which allowed for civil and criminal jury trials scheduled after July 15, 2020 to begin "as long as they can be conducted in compliance with health advisories, without jeopardizing public health and safety." Standing Order 2020-12 Amended. This order was to remain in effect for 90 days. That order was twice amended on September 25, 2020 and December 23, 2020 both covering a period of 90 days. See Standing Orders 2020-12 Second Amended and Third Amended. The present order remains effective through March 23, 2020. The Court previously informed the parties in this case about this order as well as the likelihood that it would be extended in December 2020.

Defendant argues that a trial could hypothetically take place immediately, and if it will not commence immediately, then the Court should dismiss the charges the against him. He notes that the ends of justice exception to STA should not be used for an indefinite continuance of his trial based on a general standing order. Indeed,

Page 5 – OPINION AND ORDER

the Ninth Circuit has "made clear that a district court may grant an 'ends of justice' continuance only if it satisfies two requirements: (1) the continuance is 'specifically limited in time'; and (2) it is 'justified [on the record] with reference to the facts as of the time the delay is ordered.'" *United States v. Clymer*, 25 F.3d 824, 828 (9th Cir. 1994.) (quoting *United States v. Jordan*, 915 F.2d 563, 565–66 (9th Cir. 1990)).

Defendant fails to cite controlling authority that conditions related to the COVID-19 pandemic would bar this Court from finding the ends of justice exclusion is satisfied here. Notably, defendant relies on two opinions from within this circuit out of the Central District of California, both from the same District Judge, who dismissed cases because he felt that holding trials during pandemic would not be impossible. *See United States v. Olsen,* 2020 WL 6145206 (C.D. Cal. Oct. 14, 2020); *United States v. Henning*, 2021 WL 222355 (C.D. Cal. Jan. 19, 2021). Rather than exclude time under the ends of justice exception in those cases, the court dismissed the indictments with prejudice.[2] However, many other courts "faced with the question of whether general COVID-19 considerations justify an ends-of-justice

---

[2] The Court notes that the Central District of California also has a standing order suspending jury trials in light of the pandemic. The Central District's decision to suspend trial has been praised by Judges on the Ninth Circuit Court of Appeals. https://www.abajournal.com/magazine/article/judges-differ-on-when-its-safe-to-hold-in-person-jury-trials. Moreover, in response to judicial vacancies and current COVID-19 pandemic, a judicial emergency has been declared in the Central District of California through April 13, 2021 which suspends some requirements of the STA. See *In re Approval of Judicial Emergency Declared in Cent. Dist. of California*, 955 F.3d 1140, 1141 (9th Cir. 2020)

continuance and exclusion of time [have] arrived at the same answer: yes." *United States v. Smith*, 460 F. Supp. 3d 981, 984 (E.D. Cal. 2020).[3]

However, the Court notes that other those other courts made individual determinations as to whether the ends of justice would be served in those cases based on the particular facts presented. This Court must likewise make a specific determination based on the facts before it.

Here the Court notes that the continuance being granted is limited in time, a period of ninety days. If conditions allow for a trial to be held on the new date set, then it will be held. However, if public health circumstances and the facts of this case warrant a continuance, the Court will consider such a motion.

Currently, only 50,587 out over 4 million Oregon residents have been fully vaccinated against COVID-19. covidvaccine.oregon.gov. (last accessed January 27, 2021 at 2:00 PM). Lane County, where the Wayne L. Morse Courthouse is located, is currently classified by the Oregon Health Authority ("OHA") as being at an extreme

---

[3] The court in *Smith* noted numerous examples:

> Many districts now simply resort to 2-page form orders invoking Section 3161(h)(7). *See, e.g., U.S. v. Rosales-Corria*, No. 4:20-cr-00046-DN-PK, 2020 WL 2476169 (D. Utah May 13, 2020); *U.S. v. Morrissey*, No. 2:19-cr-00190, 2020 WL 2082929 (D. Maine April 30, 2020); *U.S. v. Garza-Guzman*, No. 3:20-mj-00905-MSB, 2020 WL 1433359 (S.D. Cal. March 20, 2020). And most others, in one way or another, have wholly abandoned the type of balancing Section 3161(h)(7) requires. *See, e.g., U.S. v. Craig*, No. 2:18-cr-00105, 2020 WL 2094101 (E.D. Tenn. April 30, 2020); *U.S. v. Howard*, No. 19-cr-00071-JLR, 2020 WL 1433758 (W.D. Wash. March 24, 2020); *U.S. v. Musquiz*, No. 4:18-cr-03116, 2020 WL 1284941 (D. Neb. March 16, 2020).

*Id.*

Page 7 – OPINION AND ORDER

risk level, as are several surrounding counties. https://public.tableau.com/profile/oregon.health.authority.covid.19#!/vizhome/OregonCOVID-19PublicHealthIndicators/Risk. (last access January 27, 2021 at 2:15 PM). From Jan. 10, 2021 to January 23, 2021, OHA reports that that Lane County experienced at lease 1074 confirmed or presumed COVID-19 cases, representing 3.6% test positivity rate. *Id.*

Considering these facts, as well as the factors outlined in 18 U.S.C. § 3161(h)(7)(B), as well as CDC and OHA guidelines for social distancing measures required to stop the spread of the disease and equipment and facilities necessary to comply with those guidelines and protect public health and safety, the Court finds that it is not possible to proceed with a jury trial in this matter at this time.

For these reasons, the Court finds that a failure to continue the trial date in this case would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i). Due to the Court's reduced ability to obtain an adequate spectrum of jurors, the impact of public health recommendations on Court operations, the Court specifically finds that the ends of justice served by continuing the trial in this case outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

Defendant has also argued that his case should be dismissed. However, given the finding above, the Court further finds that no violations of the STA have occurred, and defendant's motion to dismiss must be denied.

Defendant also argues that his Sixth Amend rights have been violated by his delay and ongoing detention. Defendant has been held in custody for approximately two years. In determining whether a defendant has been deprived of the Sixth Amendment right to a speedy trial, courts consider the following factors: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice resulting from the delay." *Barker v. Wingo*, 407 U.S. 514, 531–33 (1972).

Though defendant has been in custody for some time due to his pending supervised release violations, however he was not arraigned on these charges until April 29, 2020. Accordingly, he will have been detained less than a year on these charges through period excluded by this order. Moreover, defendant was not indicted on these charges until June 9, 2020. Given that defendant will have been detained less than a year on these charges and only nine months will have passed since indictment, the Court does not find the delay in this case "presumptively prejudicial" at this time. *See Doggett v. United States,* 505 U.S. 647, 652 (1992). Accordingly, the Court need not continue to the remaining factors. *Id.*

Even if the Court were to proceed to the remaining, as explained above, the delay is justified and imposed by the Court at the government's motion in good faith. COVID-19 infections are still on the rise in this district, the State of Oregon, and throughout the rest of the country. New variants of virus are also beginning to spread into the United States. The Court has found that it cannot hold a jury trial at this time without putting the public, the parties, court staff and the attorneys at

substantial risk. Further the Court would find that no prejudice would result from the delay given the straightforward nature of this case. Therefore, the Court finds that no Sixth Amendment violation has occurred.

## II. Pretrial Release

The Court construes defendant's motion for release as an appeal of Magistrate Judge Kasubhai's order of detention. Doc. 6. Review of a magistrate judge's release or detention order is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).

The BRA governs the detention of a defendant pending trial. 18 U.S.C. § 3142. The Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Id*.

When, as here, there is probable cause to believe that the defendant has committed an offense identified under 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of ten years or more is prescribed, there is a rebuttable presumption that "no condition or combination of conditions will

Page 10 – OPINION AND ORDER

reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008)

If a defendant proffers evidence to rebut the presumption in favor detention, a court can then consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086.

The presumption is not erased when a defendant proffers evidence to rebut it. Instead, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.*; citing *United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir.1986).

As noted above, the Court recognizes that the rebuttable presumption in favor of detention as outlined by 18 U.S. Code § 3142(e)(3) applies here. The Court finds that defendant has proffered evidence to rebut the presumption in favor of detention.

Page 11 – OPINION AND ORDER

The Court recognizes that the presumption still is a factor to be considered in the release analysis.

While the offense conduct in this matter is serious, it was not violent in nature. Further, the Court finds defendant's testimony regarding his desire to comply with conditions and participate in substance abuse treatment credible. Based on this testimony and the defendant's personal history, the Court finds that with appropriate conditions defendant would not pose a danger to any person or the community. While this is a close question, the Court finds that resolving any remaining ambiguity in favor of release is appropriate at this time.

Accordingly, the Court finds that the government has not met its burden of showing by clear and convincing evidence that defendant presents a danger to the community. The Court also finds that the government has not shown by a preponderance of the evidence that there is no combination of conditions which would ensure defendant appearance at future proceedings.

Defendant shall be released from custody to the Northwest Residential Reentry Center in Portland, Oregon once a bed becomes available and he has received a negative COVID-19 test. Defendant shall be subject to GPS monitoring. His allowed activities will be initially limited to attending to medical issues and participating is substance abuse treatment. Defendant is reminded that should he fail to follow the terms of his supervised release or commit a new law violation he could face severe penalties.

/ / /

Page 12 – OPINION AND ORDER

## CONCLUSION

For the reasons set forth herein, defendant's motion (Doc. 30) is GRANTED IN PART AND DENIED IN PART.[4]  The objections to exclusion of time are overruled. Jury Trial is reset for March 18, 2021.  This continuance constitutes an excludable delay from December 18, 2020 through March 18, 2021, pursuant to the ends-of-justice exception, § 3161(h)(7).  The period of delay attributable to the filing and disposing of this motion and the government's motion for excludable delay is also excluded for speedy trial purposes pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), and (h)(7)(B).  Defendant's motion to dismiss is denied.  Defendant's motion for release is granted.  A separate order shall be issued detailing all conditions of release.

IT IS SO ORDERED.

Dated this  29th  day of January, 2021.


                                    /s/Ann Aiken
                                    Ann Aiken
                            United States District Judge

---

[4] The Court also reaffirms its ruling granting the Government's Motion for Excludable Delay.  Doc. 28.